## Jacob Ritzman, Appellant, *v.* Philadelphia & Reading Railroad Company.

*Negligence—Railroads—" Stop, look and listen "—Province of the court.*

Failure on the part of a traveler crossing a railroad track at grade to " stop, look and listen " is not merely evidence of negligence, but it is negligence per se, and a question of law for the court.

In an action against a railroad company to recover damages for personal injuries received at a grade crossing, a nonsuit is properly entered where it appears that the plaintiff could have seen the approaching train at a point about twenty-five feet from the crossing, but that he drove upon the crossing, without stopping, although he looked and listened.

Argued May 25, 1898. Appeal, No. 167, Jan. T., 1898, by plaintiff, from order of C. P. Northumberland Co., Sept. T., 1896, No. 136, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damage for personal injuries.

At the trial it appeared that on March 19, 1896, plaintiff, while driving a two-horse team, was injured at one of defendant's crossings in the borough of Shamokin. Plaintiff could see the track until he reached a point about twenty-five feet from the crossing, when his view was obstructed by a bridge. Plaintiff testified that he drove slowly and looked and listened, but did not see any train. He did not actually stop at any point.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*S. B. Boyer,* for appellant.—It is not incumbent upon a traveler, about to cross a railroad track at a public crossing, to alight from the vehicle and go upon the track to look, before attempting to cross, when he can get a view of the crossing without alighting : Davidson v. Ry., 171 Pa. 522.

The question of contributory negligence was for the jury : McNeal v. Ry., 131 Pa. 184 ; Ellis v. R. R., 138 Pa. 506 ; Smith v. B. & O. R. R., 156 Pa. 82 ; Link v. Phila. & Reading R. R., 165 Pa. 75 ; Fennell v. Harris, etc., 184 Pa. 578 ; Decker v. R. R., 181 Pa. 465 ; Whitman v. R. R., 156 Pa. 175.

*S. P. Wolverton,* for appellee, was not heard but argued in his printed brief : The nonsuit was properly entered : Myers v. R. R., 150 Pa. 388 ; Sullivan v. R. R., 175 Pa. 361 ; Reading & Columbia R. R. v. Ritchie, 102 Pa. 425 ; Penna. R. R. v. Beale, 73 Pa. 509 ; Hughes v. Del. & Hudson Canal Co., 176 Pa. 254 ; Hovenden v. R. R., 180 Pa. 249 ; Newhard v. R. R., 153 Pa. 421.

PER CURIAM, July 21, 1898 :

On the facts admitted by the plaintiff himself, it was the plain duty of the learned trial judge to enter the compulsory nonsuit, and he was clearly right in refusing to take it off. The failure of the plaintiff to comply with the rule of law that imperatively required him to " stop, look and listen," before attempting to cross defendant company's road at grade, was not merely evidence of negligence, but negligence per se, and a question of law for the court : Railroad v. Beale, 73 Pa. 504 ; Myers v. B. & O. Railroad Co., 150 Pa. 388, and many other cases that might be cited. The rule is unbending and should be rigidly enforced.

Judgment affirmed.