## Mankewicz, Appellant, *v.* Lehigh Valley Railroad Company.

*Negligence—Railroads—"Stop, look and listen"—Nonsuit.*

The rule that a traveler before attempting to cross the tracks of a steam railroad, must stop, look and listen, is not complied with by stopping where he cannot see. If a driver cannot see by looking from the vehicle in which he is riding, he should get out and walk forward to a place where he can see.

In an action against a railroad company for personal injuries sustained at a grade crossing by a collision between a train and a sleigh, a nonsuit is properly entered where it appears that the plaintiff approached the crossing, knowing that it was dangerous, that the gates were up, and the watchman no longer on duty and that a train was due; that he stopped at a place where admittedly he could not see because of standing freight cars, and that he made no further efforts to advise himself of the true condition of the surroundings, but drove upon the track and was injured.

Argued Feb. 13, 1906. Appeal, No. 370, Jan. T., 1905, by plaintiff, from order of C. P. Schuylkill Co., May T., 1900, No. 204, refusing to take off nonsuit in case of William Man-

kewicz v. Lehigh Valley Railroad Company. Before MITCH-
ELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before
SHAY, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*R. H. Koch*, for appellant. The case was for the jury: Els-
ton v. R. R. Co., 196 Pa. 595 ; Coolbroth v. Penna. R. R. Co.,.
209 Pa. 433; Pyne v. R. R. Co., 212 Pa. 143 ; Beach v. Penna.'
R. R. Co., 212 Pa. 567 ; McCarthy v. Ry. Co., 211 Pa. 193.

*Guy E. Farquhar*, with him *Otto E. Farquhar*, for appellee.
—The nonsuit was properly entered : Urias v. Penna. R. R.
Co., 152 Pa. 326 ; Penna. R. R. Co. v. Beale, 73 Pa. 504 ;
Hughes v. D. & H. Canal Co., 176 Pa. 254 ; Kinter v. Penna.
R. R. Co., 204 Pa. 497 ; Kelley v. Penna. R. R. Co., 19
W. N. C. 400.

OPINION BY MR. JUSTICE FELL, March 12, 1906 :
The plaintiff was injured at a grade crossing of the defend-
ant's road where there were four tracks in the borough of
Shenandoah. He was familiar with the crossing, knew that
the watchman was not at that time on duty, and that a train
was about due. He was driving two horses to a sleigh in
which a number of persons were riding, and when he reached
the crossing freight cars were standing on the track nearest
him, on either side of the street. He stopped close to this
track and looked and listened. He was unable to see an ap-
proaching train because of the freight cars and, hearing none,
he drove on. The front part of the sleigh was struck by the
engine of a passenger train on the third track, about forty feet
from the place where he had stopped. The train was near the
station, running slowly, and was stopped within thirty feet
of the place of the collision. The time was six o'clock in the
evening in the early part of February and it was snowing.
The situation was thus clearly summarized by the learned
trial judge : " A man approached a railroad crossing which he

confessedly knew to be dangerous, he knew the gates were up and the watchman no longer on duty; he knew that a train was about due, stopping at a place where admittedly he could not see; making no further efforts to advise himself of the true condition of the surroundings, he drove upon the track and was injured."

The rule that a traveler before attempting to cross the tracks of a steam railroad must stop, look and listen is not complied with by stopping where he cannot see. The rule is one of law, absolute and unbending, and must be complied with in good faith for the accomplishment of the end in view. Where a stop has been made at the usual place for stopping, from which a view of the tracks can be had, it is generally a question for the jury whether under the facts of the particular case there was negligence in not stopping longer or at another and better place: Ely v. Pittsburg, etc., Ry. Co., 158 Pa. 233. There has been no departure from the rule that if a driver cannot see by looking from the vehicle in which he is riding he should get out and walk forward to a place where he can see. There should be no departure from it. Stopping where an approaching train cannot be seen is but little better than not stopping at all and is not an observance of the duty to stop, look and listen. In the recent case of Kinter v. Penna. Railroad Co., 204 Pa. 497, the authorities on the subject were reviewed by Justice Brown, and it was shown that the principle has been uniformly recognized in the cases following Penna. Railroad Co. v. Beale, 73 Pa. 504.

The judgment is affirmed.