Opinion by
Morrison, J.,
The controlling questions in this case were the negligence of the defendant and the contributory negligence of the plaintiff. There was sufficient evidence to carry the question of the negligence of the defendant to the jury. When the evidence was all in, the defendant’s counsel asked the court to say to the jury: “That under all the evidence in the case the verdict must be for the defendant.” This point was answered in the negative and the case went to the jury and a verdict for $1,130 was found in favor of the plaintiff. On motion for judgment non obstante veredicto, the learned court, in an elaborate opinion, entered such judgment in favor of the defendant.
The single assignment of error is: “The court erred in setting aside the verdict of the jury and in directing judgment non obstante veredicto to be entered.” In support of this assignment the learned counsel cites Ackley v. Bradford Township, 32 Pa. Superior Ct. 487. That case decides that the court has no power to enter a judgment non obstante veredicto, *490 “where there is a conflict of evidence on material facts, or where the plaintiff’s right to recover depends not only upon his own testimony, but the inferences to be drawn from the facts and circumstances as adduced by other witnesses, or in general where the right to recovery depends upon disputed questions of fact, and the inferences to be drawn from them.”
Dalmas v. Kemble, 215 Pa. 410, is also cited and it is to the same effect, but in the present case the controlling testimony as to the plaintiff’s contributory negligence is given by himself and we propose to consider the case on the theory that he testified to the exact facts. His testimony, in substance, is that he was driving a horse hitched to a carriage and that he stopped within eighteen or twenty feet of the railroad track at a place where he could not see the track to his right because of a row of houses standing close thereto; that his hearing was defective; that he neither saw nor heard a train approaching; that he then drove onto the track without again stopping and immediately was struck by a freight train coming from the right; his horse was killed and he was severely injured. He further says that in order to have had a view along the track it would have been necessary for him to have gone upon the track and then looked to his right.
If this was the condition of things at the place of the accident, it was clearly his duty to have descended from his seat in the carriage and to have led his horse up to the track and then stepped upon it, and looked and listened for trains. Upon the facts testified to by the plaintiff, without disputing them, and without drawing any doubtful inferences, he palpably violated a well-settled rule of law applicable to his situation.
In Kintner v. Penna. R. R. Co., 204 Pa. 497, it is decided, as stated in the syllabus: “If a person approaches a railroad in a vehicle, and cannot, from his seat in it, have a view of the tracks, he must get down from it, and walk to. where he can have a view.” That case also decides that in a case like the present one, the court will determine, as a matter of law, that the driver was guilty of contributory negligence.
Mankewicz v. Lehigh Valley R. R. Co., 214 Pa. 386, is to the same effect. We might cite several other cases along the *491 same line but it is unnecessary, as the above are controlling upon the undisputed facts in the present case. The doctrine of these cases applies with peculiar force to the present plaintiff because he was hard of hearing and for that reason, stopping at a place where he says he was familiar with the crossing and that he could not see the track from where he stopped, was not one whit better than if he had driven upon the track without stopping at all.
Wé have given careful consideration to the authorities cited by appellant’s able counsel and their argument, but they do not convince us that the learned court erred in entering judgment for the defendant non obstante veredicto.
The assignment of error is dismissed and the judgment is affirmed.