# Craig, Appellant, *v.* Pennsylvania Railroad Company.

*Negligence—Railroads—Contributory negligence — "Stop, look and listen."*

1. Where a stop has been made by one about to cross the tracks of a steam railroad at the usual place of stopping, from which a view of the tracks can be had, it is generally a question for the jury whether under the facts of the particular case there was negligence in not stopping longer or at another and better place, but stopping where one cannot see is little, if any, better than not stopping at all and is not a compliance in good faith with the unbending rule that a traveler before attempting to cross must stop, look and listen, and if necessary in order to see, advance to or onto the tracks.

2. In an action against a railroad company to recover damages. for personal injuries, it appeared that the plaintiff was driving an automobile and at a grade crossing of the defendant's road, where there were five tracks, stopped about fifteen feet from the first rail, where his view to the right in the direction from which the train came was obstructed by a watchman's house five feet square, which stood six feet from the tracks. From this place his view was limited to one hundred and fifty feet on the farthest track, and was much less on the near tracks. The tracks were straight and from any point between them and the watchman's house the view was unobstructed for half a mile. Without making any further effort to see if a train was coming, plaintiff started over the crossing and was hit on the fifth track by a freight train running fifteen or twenty miles an hour with the headlight of the engine burning. The night was ordinarily dark, but it was evident, from the plaintiff's testimony, that he could have seen the headlight if he had looked when he was on a line with the front of the watchman's house. *Held,* that judgment non obstante veredicto was properly entered for the defendant.

Argued November 3, 1913.   Appeal, No. 108, October T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., June T., 1911, No. 136, for defendant non obstante veredicto in case of James A. Craig v. Pennsylvania Railroad Company, a corporation.   Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before SHAFER, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $1,800.   The court subsequently entered judgment for the defendant non obstante veredicto.   Plaintiff appealed.

*Error assigned* was in entering judgment for the defendant non obstante veredicto.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellant.

*James R. Miller,* of *Patterson, Crawford & Miller,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, January 5, 1914:

In the cases relied on by the plaintiff in support of his contention that the court erred in entering judgment for the defendant, non obstante veredicto, the controlling facts differ materially from those in this case.   In Muckinhaupt v. Railroad Co., 196 Pa. 213, the person injured, before attempting to cross the tracks of the railroad stopped, looked and listened at the usual place of stopping, which was the best place from which to observe the approach of a train.   In Cromley v. Railroad Co., 208 Pa. 445, the stop was within twenty feet of the tracks at what was apparently the best place to stop and from which an approaching train could be seen five hundred feet from the crossing.   The question involved was a

close one, but the plaintiff's case was aided by the presumption that her husband who was killed had continued to exercise the care which the law required of him as he advanced towards the track and by proof that after he was committed to the act of crossing, he was delayed by the condition of the road and by the fright of his horses.

In the case under consideration the plaintiff was driving his automobile and at a grade crossing of the defendant's road, where there were five tracks, he stopped about fifteen feet from the first rail, where his view to the right in the direction from which the train came was obstructed by a watchman's house, five feet square, which stood six feet from the tracks. From this place his view was limited to one hundred and fifty feet on the· farthest track, and was much less on the nearer tracks. The tracks were straight and from any point between them and the watchman's house the view was unobstructed for half a mile. Without making any further effort to see if a train was coming, he started over the crossing and was hit on the fifth track by a freight train running fifteen or twenty miles an hour with the headlight of the engine burning. The night was ordinarily dark, but it was evident, from the plaintiff's testimony, that he could have seen the headlight if he had looked when he was on a line with the front of the watchman's house. Since this was six feet from the tracks, he ap-· parently could have seen from his position in his car; if he could not, it was his duty to alight and walk forward to a place where he could see.

Where a stop has been made at the usual place of stopping, from which a view of the tracks can be had, it is generally a question for the· jury whether, under the facts of the particular case, there was negligence in not stopping longer or at another and better place. But stopping where one cannot see is little, if any better, than not stopping at all and it is not a compliance in good faith with the unbending rule enforced in a long line of cases following Pennsylvania Railroad ·v. Beale,

73 Pa. 504, that a traveler before attempting to cross the tracks of a steam railroad must stop, look and listen, and if necessary in order to see, advance to or onto the tracks: Kinter v. Railroad Co., 204 Pa. 497; Mankewicz v. Railroad Co., 214 Pa. 386.

The judgment is affirmed.