# Follmer, Appellant, v. Pennsylvania Railroad Company.

*Negligence—Railroads—Grade crossings—"Stop, look and listen"—Contributory negligence—Binding instructions.*

1. The rule that a driver about to cross a railroad track must stop, look and listen is an imperative and unbending rule of law founded upon public policy for the protection of passengers on trains quite as much as for travelers on the public highways, and compliance with this rule must be adopted in good faith for the accomplishment of the end in view.

2. When a driver can not see from his seat in the vehicle in which he is about to cross a railroad, he must get out and walk to a place where he can see.

3. In an action of trespass to recover damages for personal injuries, it appeared that plaintiff was riding in an automobile with members of his family; that he approached defendant's railroad tracks at a crossing where his view of defendant's road south was obstructed by buildings and a high fence until a point was reached fourteen feet from the first track; that on the space between the fence and the track was a watch box, beyond which was an unobstructed view south of several hundred feet; that plaintiff had crossed the railroad at this place for many years and was aware of the dangers of the situation; that when the automobile was fifty-four feet from the first track, it stopped, and plaintiff after listening, directed the chauffeur to go on; that when about ten feet from the first track plaintiff looked south, saw a train ap-

proaching on the second track, and jumped from his seat; that the automobile ran across the first track and was struck by the train, when it ran back and knocked plaintiff down, inflicting the injuries complained of. The trial judge directed a verdict for defendant upon which judgment was entered. *Held,* that plaintiff was guilty of contributory negligence in attempting to cross without first looking from a place where he could see, and the judgment was affirmed.

Argued May 12, 1914. Appeal, No. 69, Jan. T., 1914, by plaintiff, from judgment of C. P. Northumberland Co., May T., 1913, No. 482, on directed verdict for defendant in case of Lewis L. Follmer v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MOSER, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and judgment thereon. Plaintiff appealed.

*Error assigned,* among others, was in directing a verdict for defendant.

*C. R. Savidge,* with him *William H. Hackenberg,* for appellant.

*J. Simpson Kline,* with him *George B. Reimensnyder,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, July 1, 1914:

On one side of the borough street on which the plaintiff was riding in an automobile with members of his family, his view of the defendant's road south, in the direction from which a train was coming, was cut off by factory buildings and a high board fence until a point was reached at the end of the fence, fourteen feet from the first track. On the space intervening between the

fence and the track there was a watch box, four and a half feet square that stood one foot and a half from the fence. Beyond this box there was an unobstructed view south of several hundred feet. The plaintiff had crossed the railroad at this place almost daily for many years and he had full knowledge of the situation and of its danger. When the automobile was fifty-four feet from the first track it was stopped and the plaintiff, after listening for a train directed the chauffeur to go on. When about ten feet from the first track he heard a warning cry from someone on the street and in looking south he saw a train approaching on the second track and he jumped from his seat. Before the automobile was stopped it ran to the first track and across it and across the space seven feet wide between the tracks and the front end of its frame and one of its fenders and its radiator came in contact with the engine. The automobile was not overturned but because of the impact with the engine or because the chauffeur reversed it, it ran back and the plaintiff was knocked down and run over by it. A verdict was directed for the defendant on the ground of the plaintiff's contributory negligence.

The rule established by North Penna. R. R. Co. v. Heilman, 49 Pa. 60, and Penna. R. R. Co. v. Beale, 73 Pa. 504, that a traveler about to cross a railroad track must stop, look and listen is an imperative and unbending rule of law founded on public policy for the protection of passengers in trains quite as much as of travelers on the ordinary highways, and compliance with this rule must be adopted in good faith for the accomplishment of the end in view: Ely v. Railway Co., 158 Pa. 233. When a driver cannot see from his seat in a vehicle he must get out and walk to where he can see: Kinter v. Railroad Co., 204 Pa. 497; Mankewicz v. Railroad Co., 214 Pa. 386. The plaintiff stopped where he knew he could not see a train south of the street on which he was riding and then went on without exercising the slightest care. The inconvenience or difficulty

in stopping after he passed the watch box did not relieve him from the duty the law exacted of him, nor is it a valid excuse that he was committed to the act of crossing before he saw the train. His negligence was in attempting to cross without first looking at a place where he could see.

The judgment is affirmed.