Atlantic Refining Company, Appellant, *v.* New York, Chicago & St. Louis Railroad Company.

*Railroads—Negligence—"Stop, look and listen"—Automobiles.*

The rule to stop, look and listen, is not a rule of evidence, but a rule of law peremptory, absolute and unbending, and the jury can never be permitted to ignore it, to evade it, or to pare it away by distinction and exception.

An owner of an automobile cannot recover damages from a railroad company for injuries to the automobile sustained in a collision at a grade crossing, where it appears that plaintiff's driver who was familiar with the locality approached the crossing at night at a speed of five or six miles an hour; that he did not stop, look or listen before going on the tracks, but that relying improperly upon a signal which he supposed a railroad employee gave him, proceeded and collided with a train.

Argued April 11, 1917. Appeal, No. 159, April T., 1917, by plaintiff, from judgment of C. P. Erie Co., Feb. T., 1916, No. 150, for defendant n. o. v. in case of Atlantic Refining Company v. New York, Chicago & St. Louis Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to an automobile, sustained at a grade crossing. Before WHITTELSEY, J.

At the trial it appeared that between ten and eleven o'clock p. m. on September 29, 1915, plaintiff's driver approached a grade crossing, and without stopping drove

upon the tracks and collided with a train causing the injuries for which the suit was brought. The circumstances of the accident are stated in the opinion of the Superior Court.

The jury returned a verdict for plaintiff for $568.86. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*M. Levant Davis,* for appellant.

*W. P. Gifford,* of *Gunnison, Fish, Gifford and Chapin,* for appellee.

Opinion by Orlady, P. J., July 13, 1917:

After a verdict in favor of the plaintiff, the court made absolute a rule to show cause why judgment should not be entered non obstante veredicto. No unusual question is presented on this appeal, and in the opinion filed entering judgment for the defendant, a convincing analysis is made of the testimony, which satisfies us that the court should have sustained the defendant's fifth point for instructions and directed a verdict for the defendant.

The rule to stop, look and listen, is not a rule of evidence but a rule of law, peremptory, absolute and unbending; and the jury can never be permitted to ignore it, to evade it, or to pare it away by distinction and exception. That failure to stop, is not merely evidence of negligence but negligence per se, has been frequently declared by both appellate courts: North Penn Railroad Co. v. Heileman, 49 Pa. 60; Aiken v. Penna. R. R. Co., 130 Pa. 380; Ritzman v. Philadelphia & Reading R. R. Co., 187 Pa. 337.

In this case, if the driver of the truck had stopped, looked and listened, all acts of negligence charged to have occurred subsequent to his having stopped, looked

and listened, would be a question for the jury, unless his negligence was very clear and undisputed. But, unfortunately for him, he did not stop; his own testimony and that of the man who sat in the truck with him, was, that he proceeded on his travel at the rate of five miles per hour, when he had a full view of the crossing and was familiar with its surroundings; that he was misled by the signals of a railroad employee did not relieve him, because he failed to perform his duty in not coming to a stop. Had he stopped before entering upon the track, there would be no doubt of his seeing the car standing partially on the street. The jury could well have found, from all the testimony, that the automobile struck the side of the car, and that the car on the railroad tracks did not strike the automobile: Borofsky v. W. Jersey & S. R. R. Co., 65 Pa. Superior Ct. 389.

While this accident happened in the evening, after dark, the situation was well known to the driver of the truck, so that he was not excused from his duty to stop, look and listen. This misleading signal of the railroad flagman would not justify his entering upon a grade crossing without fully complying with the positive rule of law above stated.

The undisputed facts in the case are such that a recovery cannot be permitted by the plaintiff. He was not only familiar with the crossing and its surroundings, and did not stop on approaching the tracks, but entered upon them at the speed of five or six miles an hour, in an easily controlled automobile. His excuse is that an employee of the railroad company, standing on the track, made certain signals with a lamp, which he interpreted to be an invitation to enter upon the crossing. Had he performed his duty and stopped his automobile, he would have discovered that this flagman was making signals to a train that was being made up, and was not a crossing signalman or guard. He had control of the whole situation, and, by acting on a hasty and erroneous impulse, caused the accident.

There is no suggestion of negligence on the. part of the railroad company, as the cars were being moved in a proper way and at a proper place, and it should not be held responsible for the mistake in judgment of a traveler who voluntarily assumed the risk of ignoring well understood rules in regard to the use of grade crossings.

The judgment is affirmed.