# Keller, Appellant, *v.* Director General of Railroads.

*Negligence—Railroads—Crossing—Stop, look and listen—Contributory negligence.*

A driver who approaches a grade crossing, and is struck by a train which was visible at the crossing for 3,200 feet, cannot recover against the railroad company for his injuries, where it appears that, although he noticed some obstruction to his view as he approached the track, he proceeded, without looking from a point where he could have seen the approaching train.

Argued October 14, 1920.    Appeal, No. 118, Oct. T., 1920, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1919, No. 1994, for defendant n. o. v., in case

of Philip Keller v. Walker D. Hines, Director General of Railroads, operating the Pennsylvania Lines west of the Pennsylvania Railroad Co. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before STONE, J.
The opinion of the Supreme Court states the facts.
Verdict for plaintiff for $1,750. The court entered judgment for defendant n. o. v. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*Morris D. Canter,* of *Reich & Canter,* with him *Edward B. Goehring,* for appellant.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

PER CURIAM, December 31, 1920:
At the crossing where the appellant was struck by a train of the defendant company its approach was visible for 3,200 feet. The day was clear and the collision occurred about noon. The plaintiff testified that he noticed some obstruction to his view as he approached the track, but did not say what it was. Notwithstanding this obstruction he proceeded to cross the track, without looking from a point where he could have seen the approaching train, and the inevitable happened. For his contributory negligence judgment for the defendant non obstante veredicto could not have been denied.
Judgment affirmed.