# Hill, Appellant, v. Pennsylvania Railroad Company.

*Automobiles — Collision — Negligence — Railroads — Contributory negligence—"Stop, look and listen."*

In an action of trespass to recover damages resulting from a collision at a grade crossing, the plaintiff testified that he had stopped, looked and listened at a point sixty-nine feet from the nearest track and that as he approached the track he kept looking down the railroad, but he could not see until he got right on the track because his view of the track was cut off by trees. In other parts of his testimony, he said that he had a better view of approaching trains at points nearer the track. There was no evidence tending to prove that the place where he said he stopped was the usual or customary place for stopping.

Under either version of his testimony plaintiff was guilty of contributory negligence, because his stopping was at a place where he could not get a good view of the track he was about to cross. If he could get a good view of an approaching train at a point nearer the track without getting out of his car his failure to stop at that point

convicts him of negligence. If he could not get a good view of the track from the vehicle in which he was riding, it was his duty to get down from his car and walk to where he could see. Therefore judgment in favor of defendant non obstante veredicto will be sustained.

Argued March 8, 1927. Appeal No. 27, February T., 1927, by plaintiff from judgment non obstante veredicto for defendant of C. P. Columbia County, February T., 1918, No. 36, in the case of Moses D. Hill v. The Pennsylvania Railroad Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages to person and automobile. Before HARMAN, P. J., and EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,047.20. Subsequently the court on motion entered judgment in favor of defendant non obstante veredicto. Plaintiff appealed.

*Error assigned*, among others, was the judgment of the Court.

*Paul J. Sherwood*, and with him *L. C. Mensch*, for appellant.

*H. Montgomery Smith*, and with him *Charles B. Waller* and *L. E. Waller*, for appellee.

OPINION BY GAWTHROP, J., April 22, 1927:

Plaintiff appeals from a judgment entered against him notwithstanding a verdict in his favor in an action for damages for personal injuries and property loss sustained in a grade crossing collision between defendant's train and a motor truck which he was driving. The only question for our determination is whether

the learned judge of the court below was justified in holding as matter of law that plaintiff was contributorily negligent.

On September 20, 1917, between eleven o'clock A. M. and noon, plaintiff, driving a Ford truck, approached defendant's single track railroad from the north on a public highway, the grade of which ascended toward the tracks at a rate of less than two per centum for a distance of two hundred and fifty feet. He was familiar with the crossing. He testified that when he came to a point which he estimated to have been ten or fifteen feet from the track he stopped, looked and listened, "but didn't hear anything and didn't see anything, so I goes on slowly across the track and just as I got on the track, here I heard a train coming about one hundred feet or so down from that culvert. Of course I was on the track and I put all the gas on I had to get across and before I got across the train struck the hind end of the automobile." He fixed the speed of the train at from forty to fifty miles an hour. When asked by his counsel where he stopped with reference to the "stop, look and listen" sign which stood on the north side of the crossing, he answered on at least three occasions that his last stop was just opposite that object. It was uncontradictedly established by the surveyor called by defendant and by the draft of the scene of the accident, the accuracy of which was not questioned by plaintiff, that this warning sign was located sixty-nine feet from the nearest track. Plaintiff testified further that as he approached the track he "kept looking both ways," that just before he went upon the track he "looked down the railroad" but "it was grown up there with brush and stuff and you could not see until you got right up on the track." When asked, "Do you mean right on the track? he said, "Yes, sir." On cross-examination he testified that from the point

where he last stopped he could see down the tracks in the direction of the approaching engine, on his right, to the aforementioned culvert or a little below it, and that he first saw the engine "about the culvert" or "a hundred and fifty or two hundred feet below the culvert" and that he was then on the track. He said further that if he had gotten out of his car and walked to the track and looked west he could have seen a greater distance and could have avoided the accident. It was uncontradictedly shown that the culvert is located one hundred and fifty-nine feet west of the crossing. His explanation as to why he did not notice the locomotive sooner was that, as he approached the track from the place he last stopped, there was no better or more extended view of the track in the direction of the approaching engine until he was actually upon the track; and that his view of the track beyond the culvert was "cut off" by "water-birch and leaves on the trees and limbs hung over toward the railroad." In other parts of his testimony he said that "the closer you got to the track the further you could see, of course." The learned court below held that plaintiff was guilty of contributory negligence because he failed to stop again when nearer the track where, admittedly, he had a better view in the direction of the approaching train than he had at the place where he stopped. We agree with this conclusion as applicable to one version of the case made by plaintiff and it is equally clear to us that under other parts of his testimony his failure to perform an absolute duty prevents his recovery.

There is no evidence even tending to prove that the place where plaintiff says he last stopped was the usual or customary place for stopping. Therefore, his case does not come within the familiar rule that when one comes to a standstill at a usual stopping place, where he can get some view of the tracks, the question whether he should go forward in advance of his vehicle

to a better place to look is for the jury to determine. (See Siever v. Ry. Co., 252 Pa. 1, following Ely v. Pitts. Ry. Co., 158 Pa. 233.) There was a conflict in the testimony on the questions, how far plaintiff could see in the direction of the approaching engine when he stopped at the warning sign, and whether, as he drove forward, his view in that direction became more extended until he reached the track. If the jury accepted his version that from the point where he stopped his view extended only about one hundred and fifty feet and that it became no better or more extended, as he approached the track, until he was actually upon it, his stopping was at a place where he could not get a good view of the track he was about to cross from the vehicle in which he was riding, and it was his duty to get out and walk to a spot where he could secure such a view, and upon the track itself if he could not see up and down the track from any point upon the road before reaching the tracks, (Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610), and his failure to do so constitutes contributory negligence in law; for, stopping "where an approaching train cannot be seen ...... is not an observance of the duty to stop, look and listen" (Mankewicz v. Lehigh Valley R. R. Co., 214 Pa. 386, Siever v. Ry. Co., supra). In Kinter v. Pa. R. R. Co., 204 Pa. 497, the heads of the horses were stopped at the first rail of the track, where the driver's view of the track on which the train was coming was two hundred and forty feet. It was held that this was a stopping where one could not see, and was not a compliance with the duty to stop, look and listen at a place where one has a view of the tracks which will enable him to see the approaching train, and that it was the driver's duty to get down from his wagon and walk to where he could see. Where one stops at a point where he cannot see, it is for the court to determine whether it was a proper place: Urias v. Penna.

R. R. Co., 152 Pa. 326. If the jury accepted plaintiff's version that "the closer you got to the track the further you could see" and found that there was a point between the place at which he last stopped and the track, at which he had a good view of an approaching train without getting out of his car, his failure to stop at that point convicts him of negligence. As we view the case as made by plaintiff the court below would have been warranted in entering a compulsory nonsuit, if he had been requested so to do on the ground that plaintiff failed to make a case free and clear of contributory negligence. It follows that the learned judge was right in overturning the verdict and entering judgment for defendant.

The judgment is affirmed.