## Hubert *v.* Reading Company, Appellant.

Argued November 9, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Bernard J. Myers,* of *Zimmerman, Myers & Kready,* for appellant.

*W. Hensel Brown,* of *Bard & Brown,* for appellee.

OPINION BY STADTFELD, J., December 17, 1937:

This is an action in trespass for personal injuries and damages to an automobile truck sustained by George F. Hubert, the owner and operator of said automobile truck, at a private crossing over the tracks of the railroad of the defendant company. The case was tried before the court and a jury and resulted in a verdict in the amount of $300 for the plaintiff. Defend-

ant submitted a point for binding instructions, which point was refused.

Defendant filed a motion for judgment n. o. v. and after argument, the court in an opinion by ATLEE, P.J., discharged the rule. From the judgment entered on the verdict, the defendant appealed.

On the 11th day of May, 1935, the plaintiff, George F. Hubert, was engaged in the business of hauling milk by truck from farms in Lancaster County to the plant of the Penn Dairies in the City of Lancaster. He was the owner and operator of a Ford V-8 truck, and about ten minutes after six in the morning, he approached the tracks of the defendant company at a private crossing on a road near Lancaster Junction in the Township of East Hempfield, County of Lancaster. The road was dry and the weather was clear. Hubert had been traveling this road and collecting milk in this vicinity for seven or eight years and was familiar with the private road and crossing and knew the approximate time the train, which struck his automobile truck, usually passed that point. With this knowledge, he stopped at a point about twelve or fifteen feet from the railroad tracks, where a private crossing sign was erected, and then proceeded slowly upon the tracks. There is a barn on the right-hand side of the road upon which the plaintiff was traveling about eight feet from the railroad tracks. He did not stop, look and listen at this point. There are three tracks at this point. In the direction in which Hubert was going, the first track is a siding, the second track is the main track, and the third track is a siding. Hubert had crossed the first track, and all but fifteen inches of his truck had crossed the main track when he was struck by a train of the defendant company and sustained the injuries for which the action was brought.

The only error assigned is the refusal to enter judgment non obstante veredicto.

No negligence on the part of the defendant was

proved and no testimony of any kind whatever was offered to prove such negligence. The defendant was running its train on its own tracks in the open country, in broad daylight, where a private road crossed its tracks.

Even if there were any evidence to support the charge of negligence against the defendant, plaintiff's action would be barred by his own contributory negligence.

The crossing sign at which plaintiff claimed to have stopped is twelve to fifteen feet from the side track on the side from which plaintiff was approaching. Between this crossing sign and the sidetrack referred to, is the red barn, the side nearest the tracks being about eight feet from the tracks. This barn obscured the plaintiff's view to the right from which the train was approaching on the middle track. At the point where plaintiff stopped, he could see a distance of seventy-five feet only of the railroad tracks, according to his own measurement. He stated that he saw nothing and heard nothing at this point; that he started across and had gotten over the main track with exception of about fifteen inches of his truck, when he was hit by the train approaching from the right; he claimed he did not see the locomotive coming, nor did he hear it, and that it did not give any warning or any sign, and that he first saw the locomotive when it hit him; that from the time he passed the red barn, he neither saw nor heard the train; that he did not stop or look after he passed the barn; he admitted that there is a clear, unobstructed view to the right towards Lancaster Junction when you get on the siding on the side from which he approached.

As held in *Kolich v. Monongahela Railway Co.,* 303 Pa. 463, 154 A. 705: One crossing a railroad at grade is required not only to stop, look and listen before entering on the crossing, but must continue looking and listening until he has safely passed over all the tracks. Quoting from the opinion by Mr. Justice SIMPSON in

said case at p. 467: "...... the duty of constantly and carefully listening being as imperative as that of constantly and carefully looking: *Rhodes v. P. R. R.,* 298 Pa. 101; *Paul v. Phila. Reading Ry. Co.,* 231 Pa. 338, 342." See also *Gelwicks v. Penna. R. R.,* 301 Pa. 68, 151 A. 581.

Quoting from the opinion in *Craig v. Penna. R. R. Co.,* 243 Pa. 455, 90 A. 135: "But stopping where one cannot see is little, if any better, than not stopping at all and it is not a compliance in good faith with the unbending rule enforced in a long line of cases following *Pennsylvania Railroad v. Beale,* 73 Pa. 504, that a traveler before attempting to cross the tracks of a steam railroad must stop, look and listen, and if necessary in order to see, advance to or onto the tracks: *Kinter v. Railroad Co.,* 204 Pa. 497; *Mankewicz v. Railroad Co.,* 214 Pa. 386."

In *Keller v. Director General of Railroads,* 269 Pa. 69, 112 A. 49, the court said, at p. 70: "At the crossing where the appellant was struck by a train of the defendant company its approach was visible for 3,200 feet. The day was clear and the collision occurred about noon. The plaintiff testified that he noticed some obstruction to his view as he approached the track, but did not say what it was. Notwithstanding this obstruction he proceeded to cross the track, without looking from a point where he could have seen the approaching train, and the inevitable happened. For his contributory negligence judgment for the defendant non obstante veredicto could not have been denied." See also *Petruskewicz v. Reading Co.,* 318 Pa. 585, 179 A. 428.

The failure of plaintiff to stop and look after passing the barn at a point where he could see and hear the approaching train, before committing himself to the main track, convicts him of contributory negligence, and bars his recovery.

The judgment of the court below is reversed and

judgment is here entered for defendant, non obstante veredicto.