Ramsey, Appellant, *v.* Baltimore and Ohio Railroad Company.

. Argued October 4, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

*George I. Bloom,* of *Bloom & Bloom,* with him *Alexander Cooper* and *Wagner & Wagner,* for appellant.

*John E. Evans, Sr.,* of *Margiotti, Pugliese, Evans & Buckley,* with him *William H. Eckert* and *Smith, Buchanan, Scott & Gordon,* for appellees.

OPINION BY MR. JUSTICE BARNES, November 27, 1939:

Plaintiff sustained personal injuries as the result of a collision which occurred at a grade crossing, when the automobile which he was driving was struck by a train of defendant. The sole question is whether he was guilty of contributory negligence as a matter of law.

On September 14, 1929, he was driving his automobile through the Borough of West Newton in Westmoreland County, en route from Greensburg to Monongahela City. He approached the business section of the borough, traveling westwardly upon its principal thoroughfare, known as Main Street. The railroad crossing is in the center of the business district, where Main Street, extending east and west, is intersected by double tracks of the defendant company, which run at this point almost due north and south, but which curve toward the west about eighty feet north of the intersection.

As he drew near the crossing, plaintiff encountered the congested traffic of a Saturday afternoon. The line of cars in which he was driving was stopped by a westbound freight train, running in the direction of Pittsburgh, upon the first or nearer track. When this train had passed, the automobiles in front of him proceeded over the crossing. Plaintiff testified that the car immediately ahead stopped a few feet from the tracks before moving across, and that he stopped his car at the same place and looked and listened for trains. He estimated that the front of his car was then about five feet from the nearest rail.

Not hearing or seeing an approaching train, plaintiff drove upon the tracks in low gear. He did not look again when he was on the tracks, but continued across at about four miles an hour, directing his attention to the cars ahead of him and to a traffic light at the next street corner. He passed over the first track in safety, but as the front of his car reached the second or eastbound track, he saw a train approaching from the right upon that track, the locomotive being only ten feet

away, and almost instantly the rear of his automobile was struck by the train.

Plaintiff testified that at the place where "he stopped and looked . . . both ways" he had a view of the tracks to his left, but, as he said, "to the right you could not see on account of cars until I got onto the tracks." He then explained that to his right,—the direction from which the train came,—automobiles were parked along the street curb to the corner of the intersection with the railroad's right-of-way, and these cars obstructed his view in that direction. It also appears from the evidence that a large building located on the northeast corner of the crossing, the wall of which was built within eleven feet six inches of the first rail, and a watchman's box which projected from the side of the building to within seven feet of the rail, prevented plaintiff from seeing along the tracks to the right until close to the crossing.

The case was submitted to the jury which returned a verdict in favor of plaintiff. Subsequently the court in banc entered judgment for defendant non obstante veredicto, from which plaintiff appealed to this Court.

It clearly appears from plaintiff's own testimony that he was guilty of contributory negligence in two respects: (a) He stopped his automobile and looked from a place where he had no view of the tracks to the right because of parked automobiles; and (b) He then proceeded to cross the tracks at a slow rate of speed, looking neither to the right nor the left, and apparently oblivious of the danger of an approaching train.

Here plaintiff, in crossing the tracks at grade, should have exercised great caution to see and hear those things which would have been manifest to him had he done so: *Kolich v. Monongahela Ry. Co.*, 303 Pa. 463, 467. His full duty was not performed by merely stopping the automobile five feet from the nearest rail and looking both ways. He should not have ventured to cross the tracks until he moved his car closer to them, where an unobstructed view could have been obtained. We

said in *Craig v. Penna. R. R. Co.*, 243 Pa. 455, 457: "But stopping *where one cannot see*\* is little, if any better, than not stopping at all and it is not a compliance in good faith with the unbending rule enforced in a long line of cases following *Pennsylvania Railroad v. Beale*, 73 Pa. 504, that a traveler before attempting to cross the tracks of a steam railroad must stop, look and listen, and if necessary in order to see, advance to or onto the tracks: *Kinter v. Railroad Co.*, 204 Pa. 497; *Mankewicz v. Railroad Co.*, 214 Pa. 386." See also *Hubert v. Reading Co.*, 129 Pa. Superior Ct. 200.

Furthermore, not only should plaintiff have stopped and looked at a proper place, but the law requires that he continue to look as he advanced, and until his automobile had safely cleared the tracks: *Krenn v. Pittsburgh, C., C. & St. L. Ry. Co.*, 259 Pa. 443; *Nolder v. Penna. R. R. Co.*, 278 Pa. 495; *Massinger v. Reading R. R. Co.*, 300 Pa. 6; *Burkman v. Anderson*, 324 Pa. 206. Instead, however, by his own admission, his attention was directed solely to the automobiles and traffic light ahead of him. And the fact that plaintiff neither saw nor heard the train until it was upon him indicates that he failed to look and to listen after his car entered upon the crossing.

The plaintiff was familiar with the crossing in question, having passed over it upon several occasions, the last time within three or four days prior to the accident. It is evident from the record that the merest glance to the right, after he started across the first rail, would have been sufficient to warn plaintiff of the oncoming train: *Tull v. Baltimore & Ohio R. R.*, 292 Pa. 458, 461. An examination of the evidence in the light most favorable to plaintiff reveals a clear case of contributory negligence, and it follows that the court below properly entered judgment for the defendant.

Judgment affirmed.

---

\* Italics supplied.