## Dolibois, Appellant, v. Pennsylvania Railroad Company.

Argued April 13, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*John E. Evans, Jr.,* with him *William W. Matson* and *Evans, Ivory & Evans,* for appellant.

*John R. Bredin,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY RHODES, P. J., July 19, 1951:

This action in trespass for damages for personal injuries arose out of a collision at a grade crossing between an automobile operated by plaintiff and a train of the defendant. After verdict for plaintiff, the court below entered judgment n.o.v. for defendant from which plaintiff has appealed to this Court. The only question before us is whether the court below was correct in holding that plaintiff was contributorily negligent as a matter of law.

Appellant's version of the accident is controlling, and the evidence must be considered in the light most favorable to him.

Appellant, having repaired an automobile in the garage of which he was proprietor, was returning it to its owner about 7 p.m. on May 21, 1946. At that time it was daylight and the weather conditions were clear and dry. Appellant was driving the automobile in a westerly direction along Huff Avenue in South Greensburg. Huff Avenue is 26.2 feet wide and is crossed at grade by a series of seven sets of tracks of defendant, running in a northerly and southerly direction. At the crossing the tracks first approached were siding tracks; beyond were a series which included the main tracks of defendant. Flashing signals were located on each side of the main tracks, but these signals were activated only by trains on the two main tracks. As appellant approached the easterly siding track his automobile was near the center of Huff Avenue, and the left side thereof was 12 feet north of a structure (Porceliar Building) several stories in height located at the sidewalk on the south side of Huff Avenue. This building restricted appellant's view to his left, that is, to the south, and according to appellant's testimony, the westerly side of the building was only 4 feet east of the first rail of the eastern-most siding.

Appellant stopped east of the crossing when the front bumper of the automobile was 4 feet from the first track, which placed him, in the driver's seat, as he said, 11 feet from the first rail. At the time he stopped, a train was moving south over one of the main-line tracks but appellant testified the signal lights were not working. He waited for 30 to 60 seconds for the train to clear Huff Avenue. After looking, as he said, in both directions appellant started his automobile forward in low gear; it was then 4 feet from the nearer rail of the first track. When the bumper was

on the first rail a train of coal hopper cars "shot out" from behind the building on his left traveling north across Huff Avenue, and struck the front of the automobile and carried it a distance of 60 feet. The overhang of the hopper cars extended 2 feet 4 inches beyond the rails, leaving only about 1 foot and 8 inches between the point where appellant had stopped and the maximum point of safety from a train approaching on the first track.

Appellant testified: "Q. What lookout, if any, were you keeping when you started your car out? A. I looked right and left and straight ahead. I couldn't see or hear anything. Q. At what point are you when you have any view up to your left beyond that Porceliar Building? Will you explain to the Court? A. Well, if you want to have a good view you have to be with your seat of the car right on the tracks or else you can't see. Q. What part of the car? A. The seat, front seat right on the tracks, because only got 4 feet, the building sits that way and passes by the tracks. You cannot see unless you are right on there because your hood is about 5 feet away from your face; with the hood that far back you cannot see."

Although, as appellant also testified, he was unable to see to his left along the track beyond the corner of the building,[1] which was 12 feet from where he had stopped his automobile 4 feet from the first rail of the first track, he proceeded forward, knowing that he would be unable to obtain a full view of that track until the automobile had passed the first rail to the extent that appellant's position as operator was "right on the tracks." As to the approaching train, appellant also testified: "Q. You didn't see it— A. Until it hit

---

[1] Appellant testified: "Q. As you sat in the Buick 11 feet back from the front rail, could you see to your left beyond the corner of the Porceliar Building down that track? A. You cannot."

me. Q. You didn't see it until you got your bumper on the first rail, did you? A. That's right." Appellant was well acquainted with the crossing and its operation.

Proceeding under such circumstances, appellant was clearly guilty of contributory negligence as a matter of law. He could not see an approaching train from where he had stopped, and according to his own testimony he would have had no good view until he and the automobile were on the tracks and consequently in a place of danger. As said in *Craig v. Pennsylvania Railroad Co.*, 243 Pa. 455, 457, 90 A. 135, 136, ". . . stopping where one cannot see is little, if any, better than not stopping at all . . ."

The court below based its conclusion that appellant was guilty of contributory negligence as a matter of law on a line of cases, following *Pennsylvania Railroad Co. v. Beale*, 73 Pa. 504, in which our courts have consistently held that if a driver of a vehicle cannot obtain a reasonable view of a railroad track due to an obstruction, before proceeding onto the track, it is his duty to place himself in a position where such an observation can be made. See *Ramsey v. Baltimore & Ohio Railroad Co.*, 336 Pa. 498, 501, 9 A. 2d 348; *Gelwicks v. Pennsylvania Railroad*, 301 Pa. 68, 151 A. 581; *Follmer v. Pennsylvania Railroad Co.*, 246 Pa. 367, 92 A. 340; *Craig v. Pennsylvania Railroad Co.*, supra, 243 Pa. 455, 90 A. 135; *Mankewicz v. Lehigh Valley Railroad Co.*, 214 Pa. 386, 63 A. 604; *Kinter v. Pennsylvania Railroad Co.*, 204 Pa. 497, 54 A. 276.

In *Gelwicks v. Pennsylvania Railroad*, supra, 301 Pa. 68, 70, 151 A. 581, our Supreme Court said that the requirement to stop, look, and listen is not satisfied by coming to a standstill at a point where observation cannot be made, if there is apparent danger ahead, and that one attempting a crossing must comply with this mandatory duty, or no recovery can be had when dam-

ages are suffered. See, also, *Atlantic Refining Co. v. New York, Chicago & St. Louis Railroad Co.,* 67 Pa. Superior Ct. 320.

When appellant stopped his automobile at a point where he had no view of the tracks on his left which would enable him to see any approaching train on the first track of the crossing, and then proceeded forward and was immediately struck by a train which he did not see until that moment, he failed to perform his duty, under the circumstances, and the accident is manifestly attributable to his own carelessness even if there was negligence on the part of defendant.

Appellant cites *Mussari v. Lehigh Valley Railroad Co.,* 149 Pa. Superior Ct. 85, 88, 25 A. 2d 763, 765, as an applicable authority. In holding that that case, under the facts, was for the jury, we said ". . . if a driver stops at the usual place where a view of the tracks may be had for a reasonable distance the question of whether he should have gone forward for a better view is for the jury under all circumstances." That case has no application to the facts of the present case. We also significantly stated therein, page 88 of 149 Pa. Superior Ct., page 765 of 25 A. 2d, that, "A driver does not discharge his legal duty in stopping at a place where he is unable, owing to an obstruction, to get a good view of the tracks he is about to cross."

Furthermore, the fact that appellant did not see the train until it struck his automobile indicates that he failed to look and observe the approaching train, and that without making any observation he drove into a place of danger. Appellant was not only required to stop, look, and listen in approaching the railroad crossing, but he was obliged to make a proper observation before attempting to make the crossing.

The record affords no basis upon which appellant would be entitled to recover. We are therefore of the

opinion that the court below properly entered judgment for the defendant notwithstanding the verdict.

Judgment is affirmed.