## O'Brien *v.* Philadelphia, Appellant.

*Negligence—Parent and child—Injury to minor—Rights of mother—Act of June 26, 1895, P. L. 316.*

Where a mother, who has been deserted by her husband, supports entirely through her own exertions, a minor child, she may maintain an action in her own name to recover for loss of services of the child resulting from personal injuries to the child caused by the negligence of another person. Kelly v. Pittsburg, etc., Traction Co., 204 Pa. 623, distinguished.

Argued March 19, 1906.   Appeal, No. 372, Jan. T., 1905, by defendant, from judgment of C. P. No. 4, Phila. Co., June Term, 1904, No. 5,239, on verdict for plaintiff in case of Mattie O'Brien by her mother and next friend, Louisa O'Brien, and Louisa O'Brien v. City of Philadelphia.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before AUDENRIED, J.

At the trial it appeared that the plaintiff, Mattie O'Brien, was injured on the evening of June 18, 1904, by falling into a hole in the street on the north side of Vine street east of Nineteenth street in the city of Philadelphia.   The evidence showed that her father, William O'Brien, had deserted her mother, Louisa O'Brien, about ten years before the accident. During these ten years Mrs. O'Brien, who was a dressmaker, supported Mattie and another daughter by her earnings.

Defendant presented the following point:

1. A mother has no right of action for injury to a minor child caused by the negligence of another, and not resulting

in death. *Answer :* The third point is refused as inapplicable to the facts of the case as they have been developed by the uncontradicted evidence which has been produced. [1]

Verdict for Mattie O'Brien for $3,500, and for Louisa O'Brien for $500.

*Error assigned* was (1) refusal of point as above ; (2) in refusing binding instructions for defendant.

*W. C. Wilson,* assistant city solicitor, with him *Charles E. Bartlett* and *John L. Kinsey,* city solicitor, for appellant.—A mother has no right of action for an injury to a minor child caused by the negligence of another and not resulting in death : Kelly v. Traction Co., 204 Pa. 623 ; Passenger Railway Co. v. Stutler, 54 Pa. 375 ; Pennsylvania R. R. Co. v. Bantom, 54 Pa. 495.

*Walter Thomas Fahy,* with him *Thomas A. Fahy,* for appellees.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1906 :
The right of action of a father for injury to a child was based on his duty of support and his consequent right to the services of the child. The common law which paid no heed to merely sentimental considerations or matters of feeling put the action on the basis of master and servant. Even the most serious of all, the seduction of a daughter, was redressed as an injury to the father as master, per quod servitium amisit.

The mother being under no obligation to support had no corresponding right to service.

This was the state of the law when the Act of June 26, 1895, P. L. 316, was passed. By its provisions " a married woman, who is the mother of a minor child and who contributes by the fruits of her own labor or otherwise towards the support, maintenance and education of her said minor child, shall have the same and equal power, control and authority over her said minor child and shall have the same equal right to its custody and services as is now by law possessed by her husband who is the father of such minor child." It is true as argued by appellant that the primary purpose of this statute was to

enlarge the rights of the mother in cases of dispute between the parents of a minor child. This is apparent from the second section which subjects all such dispute to the discretionary authority of the courts. But unless we totally disregard the clear meaning in the language used we must give the act a wider application. The mother who without compulsion voluntarily does what the father is under legal obligation to do, i. e., supports the child " shall have the same equal right to its custody and services, as is now by law possessed by " the father. In the present case if the father were now supporting the child, his right of action could not be questioned. As he is not doing so but the mother is, her right to the services is by the statute the same as his would be, and her right to sue for their loss must necessarily be the same. What would be the result if both parents had been supporting the child and were now disputing the right to sue for loss of services we need not now consider.

Appellant relies on Kelly v. Traction Co., 204 Pa. 623, as giving a different construction to the act of 1895, but, examined on its facts, it is an entirely different case. There the father was alive when the injury to the child occurred, and he brought an action in his own right as father and in the son's right as next friend. Before the trial the father died and the mother was substituted as next friend but by some oversight the jury were allowed to give a verdict to the mother in her own right. This was reversed on the ground that the right of action at the time of the injury having been in the father it was not split by the statute upon his death, and there was no evidence in the case to show a right of action in the mother under the statute.

Judgment affirmed.