# Wachsmith, Appellant, *v.* Baltimore & Ohio Railroad Company.

*Negligence—Railroads—Imputed negligence—Automobiles—Passenger —Contributory negligence.*

In an action against a railroad company to recover damages for personal injuries, the case is for the jury where it appears that the owner and operator of an automobile was engaged to take a lunatic to an asylum; that the plaintiff and another attendant, who were in charge of the lunatic, were seated with him on the back seat; that they were traveling on a borough street which crossed the defendant company's road at grade; that the buildings on either side of the street shut off any view of the railroad until a point eighteen or twenty feet from the tracks was reached, from which there was an unobstructed view for several hundred feet; that the driver, when twenty-five or thirty feet from the track, slackened the speed of the automobile almost to a full stop and then suddenly started it forward and ran onto the crossing, where the automobile was struck by a shifting engine of the approach of which no notice was given; and it further appears that the lunatic became excited as the speed of the automobile was slackened, and the plaintiff's attention was partly directed to him, but he looked and listened for trains, and plaintiff testifies that he saw the driver of the automobile slacken its speed until it was almost at a standstill and he thought the driver was going to bring it to a full stop.

Argued Oct. 11, 1911.  Appeal, No. 92, Oct. T., 1911, by plaintiff, from judgment of C. P. Butler Co., March Term, 1910, No. 11, refusing to take off nonsuit in case of Edward Wachsmith v. Baltimore & Ohio Railroad Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before GALBREATH, P. J.

·On October 28, 1910, the plaintiff and A. E. Yaehnig were seated in the back seat of an automobile with Edward Yaehnig, a lunatic under their charge, seated between them, when the automobile was struck by an engine of the defendant company.

VOL. CCXXXIII—30

The court entered a judgment of nonsuit which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was refusal to take off nonsuit.

*John R. Henninger,* for appellant.

*R. P. Scott,* for appellee

OPINION BY MR. CHIEF JUSTICE FELL, January 2, 1912:

The owner and operator of an automobile was engaged to take a lunatic to an asylum. The plaintiff and another attendant, who were in charge of the lunatic, were seated with him on the back seat. They entered the borough of Butler on a street that crossed the defendant's road at grade. The buildings on either side of the street shut off any view of the railroad until a point eighteen or twenty feet from the tracks was reached, from which there was an unobstructed view for several hundred feet. The driver, when twenty-five or thirty feet from the track, slackened the speed of the automobile almost to a full stop and then suddenly started it forward and ran onto the crossing. The automobile was struck by a shifting engine of the approach of which no notice was given. The lunatic became excited as the speed of the automobile was slackened, and the plaintiff's attention was partly directed to him, but he looked and listened for trains. He testified that he saw the driver of the automobile slacken its speed until it was almost at a standstill and he thought he was going to bring it to a full stop. Both the plaintiff and the driver were familiar with the crossing.

The negligence of the driver was manifest, but his negligence cannot be imputed to the plaintiff. The plaintiff was not, however, relieved from the duty of care. If he voluntarily went into a danger that he could have avoided, or joined the driver in testing a danger, his own contributory negligence would prevent a recovery. This

rule is established by a line of our cases extending from Crescent Twp. v. Anderson, 114 Pa. 643, to Walsh v. Railway Co., 232 Pa. 479. The plaintiff was not heedless but exercised care by looking and listening and giving such attention to his surroundings as could be spared from the man he had in charge. He did not rashly join the driver in testing a danger. He was vigilant in observing what the driver was doing and he saw that he was acting with care in reducing the speed so that apparently the automobile would come to a stop at a place near the tracks where a full view of them could be had. The driver's actions indicated as plainly as words could have expressed them, that he intended to stop at the right place for stopping, and there was no occasion to request him to do what he was in the act of doing. Until he was within a few feet of the tracks, the driver had acted with care; when he imprudently decided to go on the crossing, it was too late for the plaintiff to check or warn him or to escape the danger.

The law governing the case was very clearly and accurately defined by the learned trial judge in his opinion discharging the rule to take off the nonsuit, but we are of opinion that he erred in its application to the facts developed at the trial, and that the question of contributory negligence was for the jury.

The judgment is reversed with a procedendo.