## Senft v. The Western Maryland Railway Company, Appellant.

*Negligence — Railroads — Automobiles — Passengers — Grade crossings—Stop, look and listen—Imputed negligence—Contributory negligence—Case for jury.*

In an action against a railroad company to recover damages for personal injuries sustained in a grade crossing accident, it appeared that plaintiff was riding in a motor car operated by her husband, as they approached defendant's grade crossing; that when

forty feet from the railroad track plaintiff told her husband to look out for a train; that he threw out the clutch and while his car was drifting on an up-grade arose from his seat to obtain a better view, looked at his watch, remarked to her that the train had passed, resumed his seat and when within twenty feet from the track threw the clutch in and the car ran in front of the engine; plaintiff had continued to look and listen for a train from the time she cautioned her husband, and she first saw it when within ten feet of the track, and she testified that when the clutch was thrown out she expected he would stop the car. *Held*, the negligence of plaintiff's husband in not stopping before attempting to cross the track could not be imputed to plaintiff, and while she was not relieved from the duty of care, the facts did not convict her of contributory negligence as a matter of law, and a verdict and judgment for plaintiff was sustained.

Argued May 19, 1914. Appeal, No. 302 Jan. T., 1914, by defendant, from judgment of C. P., York Co., Aug. T., 1912, No. 889, on verdict for plaintiff in case of Lillian A. Senft v. The Western Maryland Railway Company. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass for personal injuries. Before Ross, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,049.46 and judgment thereon.

The court refused defendant's motion for judgment n. o. v. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Henry C. Niles,* with him *George S. Schmidt* and *Michael S. Niles,* for appellant.

*J. S. Black* and *V. K. Keesey,* for appellee.

PER CURIAM, July, 1, 1914:

A motor car in which the plaintiff was riding with her

husband was struck by an engine at a grade crossing and she was injured. The car was operated by her husband and when it was forty feet from the railroad track she told him to look out for a train. He threw out the clutch and while his car was drifting on an up grade, he rose from his seat to obtain a better view, looked at his watch to learn whether a train was due, remarked to her that the train had passed, resumed his seat and when within twenty feet of the track he threw the clutch in and his car ran in front of the engine. The plaintiff had continued to look and listen for a train from the time she cautioned her husband, and first saw it when within ten feet of the track. She testified that when the clutch was thrown out she expected he would stop his car.

The negligence of the plaintiff's husband in not stopping before attempting to cross the track could not be imputed to her but she was not relieved from the duty of care. If she voluntarily went into a danger that she could have avoided or joined her husband in testing a danger of which she knew, her contributory negligence would prevent her recovery. Wachsmith v. Railroad, 233 Pa. 465. She was not rash or heedless but was vigilant in looking for danger and in observing what her husband did and she had reason to believe he would stop his car. Whether in the few seconds after she saw he was going on the crossing, more could have been required of her was not a question that could have been withdrawn from the jury.

The judgment is affirmed.