## Wanner v. Philadelphia & Reading Railway Company, Appellant.

*Negligence—Railroads—Automobiles—Grade crossing—Collision —Approach through covered bridge—Obstruction of view—Death of passenger—Unfamiliarity with locality—Ringing of bell—Absence of sufficient warning—Contributory negligence—Sudden danger— Imputed negligence—Case for jury.*

1. Where in an action against a railroad company to recover for the death of plaintiff's husband, who was killed in a grade crossing -collision while a passenger in an automobile, it appeared that

274   WANNER v. PHILA. & R. RY. CO., Appellant.

the car was traveling about twenty miles an hour along a road which paralleled a creek and turned sharply to the right and up grade to and across a covered bridge, the sides of which were entirely enclosed; that defendant's' railway crossed the highway thirty-one feet from the far end of the bridge; that at the moment of emerging from the bridge, a view of defendant's track was obtainable for a distance of 400 feet; that there was a crossing sign attached to the entrance of the bridge farthest from the tracks, but there was no "stop, look and listen" sign at the crossing; that the automobile and the train approached the crossing at approximately the same speed; that although a whistle was blown at a whistling post a quarter of a mile from the crossing, the evidence was' conflicting as to whether a bell was rung or any other signal given of the approach of the train; that when the automobile approached the track, the driver was not aware of the railroad until within eight feet therefrom, and believing a. stop on the near side impossible, endeavored to cross ahead of the train and the rear of the automobile was struck when it had nearly completed the crossing, the question whether sufficient warning was given to notify travellers approaching the crossing was for the jury.

2. Where in such case the driver and deceased were both unfamiliar with the road, it was for the jury to say, in view of the narrow roadway, the sharp curve and the necessity of being on the lookout for other vehicles, whether the driver was guilty of contributory negligence in attempting to drive ahead of the train instead of coming to a stop on the near side of the track.

3. Whether the driver's choice was a wise one is not the question; as the danger was sudden and imminent, he was not bound to pursue the safest and wisest course in attempting to avoid an accident.

4. Where in such case, it appeared that the automobile was hired to take deceased and some friends to a particular destination and was in the immediate control, aside from the destination and route to be traveled, of the driver; that deceased was sitting in the front seat conversing with his friends, with his back in the direction from which the train came; and where there was nothing to show that he was aware of the proximity of the railroad crossing until the engine was upon them, the negligence of the driver was not imputable to him and he was not guilty of contributory negligence as a .matter of law, and verdict for the plaintiff will be sustained.

Argued March 4, 1918.   Appeal, No. 254, Jan. T., 1917, by defendant, from judgment of C. P. Berks County, Aug. T., 1916, No. 106, on verdict for plaintiff, in case of

Annie Wanner v. Philadelphia & Reading Railway Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WAGNER, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $6,000 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*Jefferson Snyder,* of *Snyder, Zieber & Snyder,* for appellant.—Sufficient warning was given of the approach of the locomotive: Longenecker v. Penna. Railroad Co., 105 Pa. 328; Reading & Columbia R. R. Co. v. Ritchie, 102 Pa. 425.

The deceased was in control of the driver and the driver's negligence was the negligence of the deceased: McLaughlin v. Pittsburgh Railways Co., 252 Pa. 32; Shultz v. Old Colony St. Ry., 79 N. E. Rep. 873.

The driver of the car was guilty of contributory negligence: Allyn v. Boston & Albany Railroad Co., 105 Mass. 77; Anspach v. Philadelphia & Reading Ry. Co., 225 Pa. 528; Dean v. Penna. R. R. Co., 129 Pa. 514; Dunlap v. Philadelphia R. T. Co., 248 Pa. 130; Hardie v. Barrett, 257 Pa. 42; Brommer v. Penna. R. R. Co., 179 Fed. Rep. 577.

*John B. Stevens,* for appellee.—There was sufficient evidence of the negligence of the defendant to carry the case to the jury: Bickel v. Penna. R. R. Co., 217 Pa. 456.

The deceased was not chargeable with the negligence of the driver of the automobile: Dunlap v. Philadelphia R. T. Co., 248 Pa. 130, 133; Hardie v. Barrett, 257 Pa. 42; Wachsmith v. B. & O. R. R. Co., 233 Pa. 465, 466.

OPINION BY MR. JUSTICE FRAZER, May 6, 1918:

Plaintiff sued for and recovered damages for the death of her husband who was killed at a grade crossing by defendant's engine while riding as a passenger in an automobile. Defendant now appeals from the action of the court below in discharging its motion for judgment non obstante veredicto, and contends the court's action was erroneous for the reasons, first, there was no evidence of negligence on the part of defendant and, second, deceased was guilty of contributory negligence.

At the time of the accident deceased was a passenger in an automobile hired from the driver, Mengle, who conducted a taxicab business under the name of the Northeastern Taxicab Service. The accident occurred between Reading and Virginsville at a crossing near Moselem Station on the Berks & Lehigh Branch of defendant's railway. Before reaching the crossing the highway over which the automobile traveled paralleled a creek and turned sharply to the right and up grade to and across a covered bridge 155 feet in length. The sides of the bridge were entirely enclosed, shutting off all view except at the two entrances. The railway crossed the highway thirty-one feet from the east entrance to the bridge, and at the moment of emerging from the structure a view of the railroad track is obtainable for a distance of 400 feet. There is no "stop, look and listen" sign at the crossing; there is, however, a crossing sign attached to the opposite or west entrance to the bridge, approximately 187 feet from the railroad track. The car in which deceased was riding was proceeding at a speed of from fifteen to twenty miles an hour and defendant's train approached the crossing at approximately the same speed. The driver of the automobile testified he neither saw the railroad nor the train until the forward end of his car was about eight feet from the track, and believing a stop on the near side impossible, endeavored to cross ahead of the train and had almost succeeded in so doing

when the rear wheel was struck by the engine as the automobile was leaving the track.

The testimony on part of defendant that a whistle was blown at a whistling post located a quarter of a mile from the crossing is not seriously disputed, but whether further warning of the approach of the train was given is not positively shown; although the fireman testified he rang the bell, his statement was not verified by the engineer, and a witness standing at the station awaiting the arrival of the train said he did not hear the bell, and would have heard it if rung. The driver and passengers in the car testified no warning of the approach of the train was given. Owing to the natural obstructions and general contour of the ground and the fact that the train and automobile were fully half a mile apart when the whistle was blown the occupants of the car probably could not have heard the warning. They were, however, in a position to hear the bell if rung as the train approached the crossing. The fireman testified he rang the bell continuously from a point 200 or 300 feet from the crossing. Whether this was sufficient warning to persons approaching the railroad through the covered bridge without opportunity to observe the track until within a few feet of it, could not be determined as matter of law.

In view of the circumstances and surroundings and the condition of the approach to the railroad, it was clearly for the jury to say whether sufficient warning was given to notify travelers approaching the grade crossing: Bickel v. Penna. R. R. Co., 217 Pa. 456.

The question of contributory negligence was also for the jury. The crossing is a particularly dangerous one. The usual danger sign in the immediate vicinity of the track was absent and in its stead a warning notice was attached to the framework of the bridge at the opposite end from the line of the railroad nearly 200 feet from the crossing, and in such position as to not be readily noticed by persons driving on the highway. At the entrance to the bridge is an incline and sharp curve, and, the structure

being narrow, the driver of an automobile in approaching the curve would naturally do exactly as the driver in this case testified he was doing, namely, be on the alert for vehicles approaching over the bridge from the opposite direction. The driver and deceased were both unfamiliar with the road, the former having been over it but once previously and that at night and traveling in the opposite direction, and the latter practically without knowledge of the locality and existence of the crossing. Whether or not, in view of the narrow roadway, the sharp curve and the necessity of being on the lookout for other vehicles, either the driver or deceased should have noticed the crossing sign at the entrance of the bridge, an unusual place for such signs, was necessarily a question for the jury. According to the testimony of the driver he first saw the railroad and also the approaching train at the time his machine was clear of the bridge and concluded the safer course would be to cross the track ahead of the train rather than attempt to stop between the bridge and the railroad. Whether his choice was a wise one is not the question; as the danger was sudden and imminent, he was not bound to pursue the safest and wisest course in attempting to avoid an accident: Centofanti v. Penna. R. R. Co., 244 Pa. 255.

Aside from the question of negligence of the driver there is nothing in the circumstances or in the relation between deceased and the driver justifying the imputing of the latter's negligence, if any, to the former. The car was a hired one engaged to take deceased and his friends to a particular destination and in the immediate control, aside from the destination and route to be traveled, of the driver. At the time of the accident deceased was sitting on the front seat of the automobile with his back in the direction from which the train came in a position enabling him to converse with his friends on the rear seat. In absence of notice or warning to apprise him of danger no negligence can be imputed to him because of the position in which he was sitting. There was nothing

1918.]                Opinion of the Court.

in the speed of the vehicle, or the way it was operated,
to warn him of possible danger, and, it not having been
shown he was aware of the crossing or had better oppor-
tunity than the driver to observe either the crossing or
the approaching train, it cannot be said he sat without
protest and permitted himself to be placed in a position
of danger. As a matter of fact he did see the train an
instant after the driver saw it; there was, however,
neither time nor occasion for him to remonstrate or in-
terfere with the operation of the car. To do so, under
such circumstances, would be to invite more certain dis-
aster. Whether deceased was negligent in failing to dis-
cover the presence of the crossing in time to give the
driver warning of the approaching train, was, under the
peculiar circumstances, a question of fact for the jury:
Senft v. Western Maryland Ry. Co., 246 Pa. 446; see
also Hardie v. Barrett, 257 Pa. 42, and cases there cited.

The judgment is affirmed.