# Gordon v. Director General of Railroads, Appellant.

*Negligence—Railroads—Crossings—Automobile—Stop, look and listen—Presumption of due care.*

1. There can be no presumption of due care as against facts clearly proven.

2. In an action for death of plaintiff's husband in a collision at a grade crossing between an automobile which he was driving and a train, plaintiff cannot recover, where a number of witnesses for defendant testify that deceased did not stop, look and listen, and the only witness for plaintiff stated in effect that deceased stopped, but at a point when his car was about to cross the first rail, and that a sudden lurch of the car drove it upon the track in which position it was struck near the front end.

3. To stop at a place so near the tracks that a slight unexpected moving of the automobile will cause it to enter upon them, is equivalent to a failure to stop, since the stop is too late to serve its purpose.

Argued October 7, 1920. Appeal, No. 66, Oct. T., 1920, by defendant, from judgment of C. P. Washington Co., Feb. T., 1919, No. 20, on verdict for plaintiff, in case of Mary E. Gordon v. Director General of Railroads. Before Brown, C. J., Stewart, Moschzisker, Frazer, Walling, Simpson and Kephart, JJ. Reversed.

Trespass for death of plaintiff's husband. Before McIlvaine, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,000. Defendant appealed.

*Error assigned,* among others, was order refusing defendant's motion for judgment n. o. v., quoting record.

*R. S. Marriner,* of *Wiley & Marriner,* for appellant.

*Ralph P. Tannehill,* with him *R. P. & M. R. Marshall* and *Harry A. Jones,* for appellee.

OPINION BY MR. JUSTICE WALLING, December 31, 1920:

Plaintiff sued to recover damages for the death of her husband caused by a collision, at a grade crossing, between an automobile he was driving and one of defendant's trains. The trial resulted in a verdict for plaintiff; subsequent motions for a new trial and judgment non obstante veredicto were dismissed and judgment entered on the verdict, from which defendant appealed.

Defendant's railroad, consisting of three tracks, crosses Main street, in the Borough of Burgettstown, Washington County, substantially at right angles. On the north side of the tracks is a watchman's box for use of the flagman, stationed at the crossing to warn travelers of approaching trains. Paralleling the tracks on the south and extending west from Main street is a paved street on the lower side of which are buildings facing the railroad, occupied by stores and the post office. These buildings obstruct the view of a person approaching the crossing from the south, until a point within thirty-three feet of the first track is reached, from which location an unobstructed view of the road to the west for a distance of approximately seven hundred feet can be had. The accident occurred at eleven o'clock at night and there is evidence to the effect that the headlight on the engine was dim, rendering it difficult to see the approaching train which came from the west and consisted of an engine and twenty-four freight cars. Deceased was driving his car northward on Main street and, according to the testimony of a number of witnesses, did not stop to look and listen on approaching the railroad, but continued to drive directly upon the track. To avoid the conclusion of contributory negligence arising from this evidence, plaintiff relies upon the presumption that deceased exercised due care and also the testimony of one of her witnesses who, in answer to a question as to

what deceased did as he approached the track, said, "He stopped for a few minutes." The testimony of this witness is indefinite and by no means convincing. First he says deceased stopped "a few minutes......I suppose it wasn't over ten feet back when he first checked up." Later, on cross-examination, he stated the first time he saw deceased actually stop "was when he got onto the railroad track." Later, upon being recalled and asked if he desired to correct or explain his former contradictory statements, said deceased was coming along at a slow speed "kind of feeling his way......he checked up pretty close to the rail and the car gave a lurch to the track." While the witness, notwithstanding his repeated attempts, does not state clearly what happened, it is apparent the stop to which he referred was made as the machine was about to cross the first rail and a sudden lurch of the car drove it upon the track, in which position it was struck near the front end, turned around and knocked against the station platform. This testimony did not, in fact, contradict that of defendant's witnesses to the effect that deceased failed to stop, look and listen before entering on the tracks; hence, the presumption that he performed his duty is rebutted, not only by the undisputed testimony of eye-witnesses called by defendant, but also by plaintiff's own witness. Under these circumstances, it is more accurate to say that no presumption of due care arose, since there can be no presumption as against facts clearly proven: Bernstein v. Railroad, 252 Pa. 581. If deceased checked up his car, as testified to by plaintiff's witness, it was at a point so close to the track as to render impossible a stop before entering upon it, consequently the conclusion is irresistible that he did not perform the duty the law cast upon him, to stop, look and listen at a convenient and safe point from which a view of the tracks was obtainable before driving on or attempting to cross them. To stop at a place so near the tracks that a slight unexpected moving of the automobile would cause it to enter

upon them is equivalent to a failure to stop, since the stop was made too late to serve its purpose. The rule that one about to enter on a railroad crossing over a public highway is bound to stop, look and listen has been uniformly applied and enforced by this court.

Under the undisputed testimony in the present case deceased failed to stop his automobile until too late to avoid the accident, consequently his failure to perform the duty the law required of him must prevent a recovery. Under the above view of the question of contributory negligence, we deem consideration of the other assignments of error unnecessary.

The judgment is reversed and judgment directed to be entered non obstante veredicto for the defendant.