**PHILLIPS et ux. v. DAVIS, Agent.**

**PHILLIPS v. SAME.**

(Circuit Court of Appeals, Third Circuit. January 27, 1925.)

Nos. 3173, 3174.

Railroads ⚖➞328(8)—Failure of occupants of automobile to turn on full lights on approaching crossing held contributory negligence.

A husband and wife, riding in an automobile driven by the husband, on a dark and rainy night, on approaching a grade railway crossing with which they ˙were familiar, stopped when 25 feet distant and looked and listened, but, not seeing or hearing anything, drove ahead and into a freight train standing over the crossing, and were injured. Their car was properly equipped with lights as required by Act July 7, 1913, § 13 (P. L. 679), and Act June 30, 1919 (P. L. 678; Pa. St. 1920, § 964

et seq.), which would illuminate for a distance of 200 feet, but which were dimmed in conformity with a city ordinance. *Held* that, being unable to see the crossing from where they stopped, it was their duty, in the exercise of ordinary care, to turn on the full light, and that their failure to do so constituted contributory negligence on the part of both as matter of law.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Charles B. Witmer, Judge.

Actions at law by Russell B. Phillips and Hazel Phillips, his wife, and by Russell B. Phillips, against James C. Davis, Agent. Judgments for defendant, and plaintiffs bring error. Affirmed.

Joseph O'Brien, W. J. Fitzgerald, and Edward J. Kelly, all of Scranton, Pa., for plaintiffs in error.

Paul Bedford, of Wilkes-Barre, Pa. (Lewis E. Carr, of Albany, N. Y., and Walter C. Noyes, of New York City, of counsel), for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. Phillips and his wife were driving along a street in Scranton on a dark, rainy night with lights on their automobile in conformity with the Pennsylvania Acts of July 7, 1913 (P. L. 672, § 13), and June 30, 1919 (P. L. 678; Pa. St. 1920, § 964 et seq.), requiring that at night every motor vehicle shall be equipped with "at least two white lights [which are] visible not less than 200 feet in the direction in which the motor vehicle is proceeding" and which illuminate the road for that distance and also in conformity with the Ordinance of the City of Scranton of 1915 (No. 64) requiring that automobile lights shall be "properly shaded or dimmed so as not to blind or dazzle other drivers on the highway." According to their testimony, they approached to within twenty-five feet of an unguarded railroad crossing, well-known to them. There they stopped, looked and listened in obedience to the law of Pennsylvania in this regard. Not seeing or hearing anything, Phillips put the gear into "low" and started the car toward the track. After going about ten or fifteen feet he discovered that the crossing was obstructed by a standing freight train, without lights at this point. Swerving quickly to the right he drove the car into the train, wrecking the car and causing serious injury to the occupants. At the trial of the two actions, one brought by the wife with her husband and the other by the husband alone, the learned trial court entered judgments of nonsuit on the ground of contributory negligence. On this writ the plaintiffs assign error in the court's action of finding contributory negligence as matter of law.

The plaintiffs cannot be exonerated from the charge of contributory negligence on the ground that the night was dark and rainy and the street was wet, nor on the ground that they were required to observe the dimmer ordinance of the City of Scranton. They were bound to operate the car with due regard to these conditions and to the ordinance as well.

The Supreme Court of Pennsylvania said in Serfas v. L. & N. E. R. Co., 270 Pa. 306, 113 A. 370, 14 A. L. R. 791, that it is the duty of one "traveling by night to have such a headlight as will enable him to see in advance the face of the highway and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision. * * * We have never held darkness an excuse for failure to perform this absolute duty." Besides requiring proper headlights the law imposes the duty of properly using them. If, when they stopped twenty-five feet from a known railroad track, and, looking, saw nothing with their low lights, the circumstance of darkness and proximity to a point of danger should have suggested the ordinary care of turning on the full lights for a moment. This duty, in the situation, was paramount to that of observing the dimmer ordinance. The two duties were not in conflict. Increasing the light was but a natural precaution, yet it was one which involved the proper use of lights and, accordingly, the degree of care which the law required in the circumstances.

Assuming that, under the Pennsylvania Act of March 20, 1845 (P. L. 191), and under the Ordinance of the City of Scranton (No. 6), the railroad company was negligent in allowing its train to block the crossing for an unreasonable length of time, whether such negligence be prima facie or negligence per se (Crowley v. P. R. Co., 231 Pa. 286, 80 A. 175; Todd v. Railway Co., 201 Pa. 558, 560, 51 A. 332, 33 Cyc. 931), the proximate cause of the accident was obviously the lack of care exercised by the plaintiff driver and by his wife, who, taking part in his conduct, "joined [him] in testing a danger which she knew." This was contributory negligence on the part of both. Senft v. Railroad, 246 Pa. 446, 92

A. 553; Wachsmith v. Railroad, 233 Pa. 465, 82 A. 755, Ann. Cas. 1913B, 679, distinguished from Clamper v. Philadelphia, 279 Pa. 385, 124 A. 132, on the facts.

The judgments below are affirmed.