### READING CO. v. LAYTON.
### No. 6380.

Circuit Court of Appeals, Third Circuit.
Sept. 23, 1937.

Thomas E. French, Samuel H. Richards, and Floyd H. Bradley, all of Camden, N. J. (Floyd H. Bradley, of Camden, N.J., of counsel), for appellant.

James Mercer Davis, of Camden, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of New Jersey. The plaintiff brought suit in a New Jersey state court for damages sustained by reason of the death of her husband. The decedent was killed when the truck which he was driving on a public highway struck the caboose of a train being slowly backed upon defendant's railroad crossing over the highway near Hamilton Park, Del., with sufficient force to derail the caboose. The cause was removed to the District Court of the United States for the District of New Jersey. The defendant filed motions for a nonsuit and for a directed verdict, which motions were refused. The jury returned a verdict for the plaintiff and judgment was entered thereon. The defendant assigns as error the refusal to grant the motion for a directed verdict.

In passing upon a motion for a nonsuit or a directed verdict, an appellate court will view the evidence in the aspect most favorable to the plaintiff. With this principle in mind we have concluded from an examination of the evidence that a verdict for the defendant should have been directed. We think it clear from the evidence that the plaintiff is barred from recovery by reason of the contributory negligence of the decedent. At the time of the accident there was a heavy rain and low-hanging clouds. The weather was not such, however, as to blot out visibility. We reach this conclusion from the testimony of the plaintiff's own witnesses. One Jones, called by the plaintiff, testified that he was driving behind the decedent, in the same direction; that when he was about 200 feet from the crossing he determined that what he had previously thought was a moving cloud was in fact the caboose of a train as it backed slowly over the

crossing. In spite of the fact thus shown that the decedent could also have seen the train and caboose when within at least 200 feet of the crossing, had he exercised due care by looking, the record is bare of any evidence to sustain a finding that he slowed down as he approached the crossing, or applied his brakes, or exercised due care in any manner. A similar situation existed in Calloway v. Pennsylvania R. Co. (C.C.A.) 62 F.(2d) 27, where the driver of an automobile was held guilty of contributory negligence when his automobile struck a lighted engine proceeding slowly over a crossing. Our own circuit affirmed the direction of a nonsuit on the ground of contributory negligence in Phillips v. Davis (C.C.A.) 3 F.(2d) 798, 40 A.L.R. 1241, where an automobile collided with a standing freight train on a dark and rainy night.

Whether the obstruction was moving or at rest, it was the duty of the decedent to exercise care before entering upon the railroad crossing. The evidence is overwhelming that his own negligence contributed substantially to his death.

The judgment of the court below is reversed.