Edward G. ABRAMS and Regina C. Abrams, his wife, Plaintiffs,

v.

The BALTIMORE AND OHIO RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 12447.

United States District Court
W. D. Pennsylvania.

Jan. 15, 1957.

522

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Mercer & Buckley, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a proceeding to recover damages arising out of a collision on a snowy night between a motor vehicle and a diesel engine of the defendant at a crossing which serves a private industry in the City of Pittsburgh.

Based upon the deposition of the plaintiff and the pre-trial record, the defendant moves for summary judgment.

It is not disputed that the plaintiff failed to stop, look and listen at said crossing.

The plaintiff contends freedom from contributory negligence for the following reasons:

1. The dangerous and hazardous condition of the crossing.

2. No notice or signs of the crossing.

3. No watchman, gates or notice of the train movement.

4. No knowledge on plaintiff's part of the crossing.

Said facts are disputed by the defendant.

One who moves for summary judgment has the burden of demonstrating that there is no genuine issue of fact. Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 190 F.2d 817; F. A. R. Liquidating Corp. v. Brownell, 3 Cir., 209 F.2d 375.

All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. It is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. Sarnoff v. Ciaglia, 3 Cir., 165 F.2d 167.

The action based on diversity of citizenship requires application of Pennsylvania Law as to the substantive rights of the parties.

It appears plaintiff reached a point approximately 25 to 50 feet from the point of the accident when the engine turned from the tracks of the defendant, which ran parallel with the street, across the roadway to enter a private industry. The right side of plaintiff's vehicle struck the engine causing personal injuries and damage to the car.

Where a driver is unfamiliar with a road, and a railroad crossing is hazardous and dangerous, and if a sudden danger arises, the question of contributory negligence cannot be resolved as a matter of law but the question must be resolved by the jury. Wanner v. Philadelphia & Reading Railway Co., 261 Pa. 273, 104 A. 570.

Under all the facts presented at pre-trial and in plaintiff's deposition, an issue of fact exists as to the following matters:

1. Did the plaintiff know of the crossing.

2. Should the plaintiff have seen the crossing.

3. Did the defendant give warning of the crossing and properly protect it under the circumstances.

4. Was the crossing hazardous and dangerous.

5. Did a sudden emergency arise through no lack of care or fault on the part of the plaintiff.

6. Did the plaintiff exercise reasonable care and caution under the circumstances existing.

All of these facts must be resolved by a jury. In view thereof, the motion for summary judgment is refused.

An appropriate Order is entered.